987 F.2d 505
 Robert D. TAHA, Trustee in Bankruptcy of Des Moines Boating
Center and Boatland, Inc., Plaintiff,
v.
Ralph ENGSTRAND; Mark Engstrand; Leola Engstrand,
Plaintiffs-Appellants,
Ralph's Distributing Co., an Iowa Corporation, Intervenor,
v.
BAYLINER MARINE CORPORATION, Defendant-Appellee.
 92-2609.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 13, 1993.
Decided March 2, 1993.
 
 Lawrence Marcucci, West Des Moines, IA, argued (Julia L. Stevenson, on the brief), for plaintiffs-appellants.
 John Werner, Des Moines, IA, argued (Mark W. Thomas, on the brief), for defendant-appellee.
 Before MORRIS SHEPPARD ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and THOMAS M. REAVLEY,* Senior Circuit Judge.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 Des Moines Boating Center, Inc., (Boating Center) and Boatland, Inc., (Boatland) were formed in the 1980s for the purpose of selling retail marine products. All stock in these two companies was held by another corporation, Ralph's Distributing Co. In turn, Ralph Engstrand and his son Mark owned all stock in Ralph's Distributing. Leola Engstrand is Ralph's wife and Mark's mother. Bayliner Marine Corp. (Bayliner) manufactured and supplied boats that were sold by both Boating Center and Boatland.
 
 
 2
 In late 1988, Boating Center and Boatland filed for bankruptcy. The bankruptcy trustee sued Bayliner for breach of contract, tortious interference with business, breach of implied covenant of good faith, breach of fiduciary duty, and fraud, all based on past dealings and specifically on representations that Bayliner made about giving Boatland the Bayliner dealership for Lincoln, Nebraska. Ralph, Mark, and Leola Engstrand subsequently were added as plaintiffs, claiming they had "been damaged in that they made certain personal guarantees to secure financing for [ ] Bayliner's products" and that those guarantees were going to judgment against the Engstrands as a result of Bayliner's activities. The Engstrands alleged that the personal expense they incurred was "a result of [ ] Bayliner's breaches of good faith and fair dealing, fraud, interference with business relations, and promises." Jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332.
 
 
 3
 Prior to trial, the district court entered summary judgment against the individual plaintiffs and in favor of Bayliner on all counts. The bankruptcy trustee's case went to trial and resulted in jury verdicts against Bayliner for more than $12 million. The Engstrands appeal the summary judgment, arguing that Bayliner owed a duty to the Engstrands as individuals, the breach of which caused them damages. Plaintiffs also contend that they suffered "personal" injuries such as loss of esteem in the community and poor health, and that those injuries were distinct from injuries suffered by the corporation. Finally, the Engstrands maintain that they were third-party beneficiaries to the contract between the bankrupt corporations and Bayliner. This final argument, however, is raised for the first time on appeal and we therefore decline to consider it. For the reasons that follow, we affirm the district court's grant of summary judgment against the individual plaintiffs.
 
 I.
 
 4
 Shareholders, creditors or guarantors of corporations generally may not bring individual actions to recover what they consider their share of the damages suffered by the corporation. See generally Cunningham v. Kartridg Pak Co., 332 N.W.2d 881, 882 (Iowa 1983); 13 Fletcher Cyclopedia of Corporations § 5910 (1980). (They are, of course, made whole if the corporation recovers; and so the rule has the salutary effect of preventing the double counting of damages.) Recovery is available, naturally, when the defendant owes an individual shareholder, creditor, or guarantor a special duty, or when the individual suffered an injury separate and distinct from that suffered by other shareholders, creditors, or guarantors. Cunningham, supra at 883.
 
 
 5
 The Engstrands assert that Bayliner owed them a duty as individuals, apart from their roles as corporate shareholders, and that they therefore may sue Bayliner for breach of that duty. The Engstrands, however, have referred us to no fact that shows the asserted duty to be independent of Bayliner's duty to the corporations. We therefore conclude that Bayliner owed no special duty to the Engstrands.
 
 
 6
 The Engstrands point out, correctly, that some of their claims are personal to them and that the corporations cannot therefore recover on them. The claims for failing health and loss of reputation are, of course, among these. But since such claims were not made in the complaint, the district court was justified in ignoring them. Additionally, we note that these losses, if any, were merely consequential to those suffered by the corporations. Bayliner is not liable for these losses because they did not result from the breach of any legal duty that Bayliner owed to the Engstrands individually. "The question of liability for negligence cannot arise at all until it is established that the man who has been negligent owed some duty to the person who seeks to make him liable for his negligence." Le Lievre v. Gould, [1893] 1 Q.B. 491, 497, quoted in Prosser & Keeton on Torts § 53, at 357, n. 9 (5th ed. 1984) (also noting that legal duty may arise from contract).
 
 II.
 
 7
 Finding no special duty nor any distinct injury, we affirm the district court's grant of summary judgment dismissing the Engstrand suit.
 
 
 
 *
 The HONORABLE THOMAS M. REAVLEY, Senior Circuit Judge for the Fifth Circuit, sitting by designation