# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41226

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2015

Lyle W. Cayce
Clerk

In the Matter of : KSRP, LIMITED,

Debtor

--------------------------------------

ROBERT L. COLLINS,

Appellant

v.

A. S. SIDHARTHAN,

Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

HAYNES, Circuit Judge:

No. 14-41226

Robert L. Collins appeals the district court's order and judgment dismissing his claims against A.S. Sidharthan, in which the district court adopted the report and recommendation of the bankruptcy court. Collins argues that the bankruptcy and district courts lacked "related to" jurisdiction over this case under 28 U.S.C. § 1334 because Sidharthan's cross-claims for indemnity and contribution against the debtor in bankruptcy, KSRP, Limited ("KSRP"), had no possibility of succeeding. For the reasons that follow, we AFFIRM.[1]

## I.[2]

This case arises out of an alleged power of attorney agreement between Collins and KSRP, which was signed by Sidharthan. Sidharthan is an officer and 50% owner of PYK Investments, LLC ("PYK"), and PYK is the general partner of the debtor, KSRP. KSRP owns and operates the Best Western Fiesta Isles hotel in South Padre Island, Texas, which maintains insurance against storm damage. Collins represents parties in making and litigating storm damage claims against insurance companies. In April 2008, Collins was contacted by the management of the Best Western Fiesta Isles hotel regarding

---

[1] The district court granted summary judgment for Collins on his defamation claim against Sidharthan and otherwise dismissed all of Collins's and Sidharthan's claims against each other. Before this court, the parties solely challenge whether the lower federal courts had jurisdiction over this case. We conclude the parties have abandoned any challenge to the dismissal of their claims on any basis other than jurisdiction. *See Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(8). We also note that this appeal raises only the issue of the federal courts' subject matter jurisdiction over this case. It does not involve whether the bankruptcy judge had the constitutional authority to adjudicate the claims to a final decision under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). The bankruptcy judge explicitly found that the parties did not consent to have a non-Article III judge render a final decision and accordingly rendered only a report and recommendation, which the district court adopted.

[2] The facts in this section are drawn from the parties' pleadings and the bankruptcy court's findings in the report and recommendation it issued following a bench trial. Although the parties challenge the bankruptcy court's jurisdiction, they do not challenge its factual findings or description of events. We will therefore rely on this description as background.

an agreement to represent the hotel on any future insurance claims. The management informed Collins that Sidharthan had the authority to sign such an agreement, so Collins drafted the agreement and the hotel management forwarded it to Sidharthan. Later that month, Sidharthan signed the contingency-fee contract and sent it to Collins.

Collins performed under the contract, directing various professionals to make pre-loss inspections of the hotel's conditions. After Hurricane Dolly damaged the hotel in July 2008, Collins had the hotel inspected for damage attributable to the hurricane. Collins then attempted to pursue the claim with KSRP's insurers, but Collins discovered that Sidharthan contested his representation. Sidharthan had faxed a letter to KSRP's insurer asserting that Collins was not, in fact, a representative of KSRP. Collins attempted to contact Sidharthan to no avail, until August 2008, when Sidharthan's attorney sent Collins a letter requesting that he cease attempting to represent KSRP.

Collins sued Sidharthan and KSRP in state court for breach of contract, tortious interference with contract, punitive damages, and legal fees, among other claims. On January 11, 2010, the court granted a nonsuit as to KSRP, and only the claims between Collins and Sidharthan remained before the court. KSRP filed for bankruptcy on January 20, 2010. That same day, Sidharthan removed the case to the bankruptcy court. In his notice of removal, Sidharthan asserted for the first time a cross-claim of indemnity against KSRP.

The bankruptcy court determined that it had "related to" jurisdiction because, due to Sidharthan's indemnity claims, any damages awarded to Collins could potentially have been collected against KSRP's estate. But since the bankruptcy judge did not have the parties' consent to render a final judgment in the "related" proceeding as required by *Stern v. Marshall*, a report and recommendation was issued to the district court. In that report, the bankruptcy court founded its "related to" jurisdiction on Sidharthan's cross-

No. 14-41226

claims for indemnity and contribution.  Based on evidence presented at a two-day trial, the bankruptcy court declined to grant Sidharthan's indemnity and other cross-claims.  The bankruptcy court found that Sidharthan was not a general or limited partner of KSRP and Collins had not relied on any representations to that effect, so the contract for Collins to represent the hotel bound only KSRP, and not Sidharthan personally.  Because KSRP had been dismissed from the state court suit and Collins had not filed a claim against KSRP in bankruptcy court, Sidharthan's indemnity claims were considered "moot."    The district court adopted the bankruptcy court's report and recommendation.    Collins timely appealed from that order and judgment.

II.

We review whether a district or bankruptcy court possessed subject matter jurisdiction over a bankruptcy case de novo.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010).  By statute, district courts have original jurisdiction over bankruptcy cases.  *See In re Stonebridge Techs., Inc.*, 430 F.3d 260, 266 (5th Cir. 2005); 28 U.S.C. §§ 157, 1334.  It is well established that "[f]ederal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding could conceivably affect the estate being administered in bankruptcy.'"  *Lone Star Fund V*, 594 F.3d at 386 (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007)).  "'Related to' jurisdiction includes any litigation where the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate."  *Id.* (citation omitted).

Collins challenges the bankruptcy court's jurisdiction because he claims it was based on illusory indemnity and contribution claims.  In analyzing jurisdiction over cases that are purportedly "related to" a bankruptcy case, we apply a broad "conceivable effect" test.  *See Fire Eagle L.L.C. v. Bischoff* (*In re*

4

No. 14-41226

*Spillman*), 710 F.3d 299, 304–05 (5th Cir. 2013). Collins's assertions raise a unique issue regarding how the conceivable effect test should be applied. Collins does not challenge whether the claims would have any conceivable effect on the bankruptcy estate *if they succeeded*; rather, he argues the claims could not possibly have any conceivable effect *because* they lacked merit and *had no chance of succeeding*. Thus, he sets up a dichotomy between potentially meritorious claims, over which there would be "related to" jurisdiction, and meritless claims, over which there would be no such jurisdiction.

We reject this dichotomy. Both the Supreme Court and this court have gravitated away from conflating jurisdiction and merits, and Collins's proposed standard results in exactly that conflation. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510–11, 515 (2006); *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 346 (5th Cir. 2014) (citing *Arbaugh*, 546 U.S. at 515); *ACS Recovery Servs., Inc. v. Griffin*, 723 F.3d 518, 522–23 (5th Cir. 2013) (en banc). Generally, courts should analyze their own authority to hear a case as a separate matter from whether that case involves a viable claim. *See generally Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807, 809 (7th Cir. 2015) (reasoning that "a complaint that fails to invoke federal jurisdiction is to be dismissed for want of jurisdiction [as 'nonjusticiable'], while a complaint that invokes federal jurisdiction but pleads itself out of court (for example by making a claim expressly rejected in a Supreme Court decision) should be dismissed by the district court on the merits [as 'groundless']"); *Smith*, 756 F.3d at 346–47 (remanding for consideration through "the proper procedural vehicle" of a Rule 12(b)(6) or 56 motion, rather than a Rule 12(b)(1) motion).

In the context of federal question jurisdiction, the Supreme Court in *Arbaugh* expressed a caveat to the general rule that courts should avoid merits analyses in determining jurisdiction. The Court observed that a claim that invokes federal jurisdiction may nonetheless be "dismissed for want of subject-

matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946), and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)); *see also Smith*, 756 F.3d at 346.

To the extent the caveat from *Arbaugh* applies here in determining whether an indemnity claim against KSRP may conceivably effect KSRP's bankruptcy estate, we conclude Sidharthan's contractual indemnity cross-claim passes muster. Texas law allows for a principal to contractually indemnify its agent, including for the agent's negligent acts. *See generally Quorum Health Res., L.L.C. v. Maverick Cty. Hosp. Dist.*, 308 F.3d 451, 454, 458–59, 463–64 (5th Cir. 2002) (discussing Texas law regarding contractual indemnification provisions); *cf. Enserch Corp. v. Parker*, 794 S.W.2d 2, 4, 6–9 (Tex. 1990) (holding that a contractor had to indemnify the owner of a natural gas pipeline based on contractual indemnity provisions). In turn, it is well established that "contractual indemnification rights may give rise to 'related to' jurisdiction." *Lone Star Fund V*, 594 F.3d at 387. Sidharthan's allegations in his notice of removal and the facts alleged in Collins's pleadings in state court sufficiently show that Sidharthan's contractual indemnity claim against KSRP was not "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Arbaugh*, 546 U.S. at 513 n.10. Therefore, these pleadings are sufficient to support "related to" jurisdiction.[3]

---

[3] During oral argument, we questioned whether the state court pleadings sufficiently evinced bankruptcy jurisdiction at the time of removal, given that Sidharthan did not plead his cross-claim against KSRP until after removal. As an initial matter, the well-pleaded complaint rule does not apply in determining whether a bankruptcy court has "related to" jurisdiction over a removed case. *See generally In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 764 (S.D. Tex. 2005); *In re Brook Mays Music Co.*, 363 B.R. 801,

No. 14-41226

Sidharthan alleged in his notice of removal that he was "asserting an indemnity claim against Debtor [KSRP] which if proven will result in a substantial claim against Debtor [KSRP]." Later, in his cross-claims against KSRP, Sidharthan averred that he was entitled to, among other things, contractual indemnity from KSRP. At the time of removal, Collins's second amended petition in state court claimed that Sidharthan held himself out to Collins as having the personal authority to bind KSRP to agreements, and that his "status as an agent or a principal of KSRP was material to his agreement with [Collins]," including his purported authority to execute the contract with Collins as a general partner who could be held personally liable. Likewise, when Sidharthan filed his cross-claim in bankruptcy court, he claimed he "was acting on behalf of [KSRP]" at all times relevant to Collins's claims, that "the purported contract from which the Lawsuit arises refers to [Sidharthan] as 'representing [KSRP],'" and that "[Sidharthan] is a Member of the Limited Liability Company that serves as the General Partner of [KSRP]."

---

814–16 (Bankr. N.D. Tex. 2007). The state court pleadings on which a notice of removal relies need only raise the facts necessary for a court to determine that a suit between third parties may conceivably have an effect on a bankruptcy estate. For example, in this case, Sidharthan need not have pleaded his cross-claim against KSRP in state court before removal—indeed, it is doubtful he could have done so after KSRP was nonsuited from the state case and filed for bankruptcy. Instead, as we find herein, Collins made sufficient factual allegations about Sidharthan's role at KSRP, Sidharthan's role in signing the contract, and Sidharthan's actions in allegedly converting insurance proceeds that should have gone to either KSRP or Collins. As such, Sidharthan's indemnity claim on removal was not immaterial, made solely for the purpose of obtaining jurisdiction, or wholly insubstantial and frivolous. *See Arbaugh*, 546 U.S. at 513 n.10. Even unfiled but potential indemnity claims are sufficient to show a conceivable effect on a bankruptcy case and give rise to "related to" jurisdiction. *See, e.g.*, *Refinery Holding Co. v. TRMI Holdings, Inc.* (*In re El Paso Refinery, LP*), 302 F.3d 343, 349 (5th Cir. 2002) (finding "related to" jurisdiction because a third party could have sought contribution from another party, who could have sought contractual indemnification from the debtor, although none of these claims had been filed at the time of removal); *N. Nat. Gas Co. v. Sheerin*, No. SA-03-CA-304-RF, 2003 WL 22594457, at *4–6 (W.D. Tex. Oct. 20, 2003) (holding that a third party's "possible, but as yet not asserted, claims for indemnity, contribution or D & O insurance" from a debtor gave rise to "related to" jurisdiction under the conceivable effect test).

7

These allegations correspond with Sidharthan's attempt to prove contractual indemnity for any liability before the bankruptcy court based on provisions in the Limited Partnership Agreement of KSRP, which indemnify KSRP's General Partner for good faith acts or omissions. Collins attempted to prove that Sidharthan was either KSRP's general partner or a partner by estoppel who should be held personally liable because of grossly negligent, willful, or fraudulent conduct. Collins also made a direct claim against KSRP in the bankruptcy court, which was dismissed because Collins had not timely filed a proof of claim in KSRP's bankruptcy case.

After receiving evidence and hearing argument during a two-day bench trial, the bankruptcy court found that Collins could not recover from Sidharthan. The court found that Sidharthan was "an officer of KSRP's general partner, PYK," and "an agent of KSRP" who had authority to bind KSRP and who signed the contract on behalf of KSRP's general partner. Yet, the court held that Sidharthan was not KSRP's general partner and that Collins did not rely on any ambiguous representations to the contrary in signing the contract with KSRP. Therefore, for these and other reasons, the bankruptcy court held Sidharthan was not personally liable to Collins on the contract.

Although we examine whether the bankruptcy court had "related to" jurisdiction at the time of removal, the bankruptcy court's detailed analysis and findings after a two-day bench trial bolster our conclusion that Sidharthan's cross-claims were not wholly insubstantial or frivolous. The facts contained in the state-court pleadings and Sidharthan's notice of removal are sufficient to surpass the low bar set by the *Arbaugh* caveat, assuming arguendo

No. 14-41226

that applies here.[4] *Cf. In re Spillman*, 710 F.3d at 304–05; *Refinery Holding Co. v. TRMI Holdings, Inc.* (*In re El Paso Refinery, LP*), 302 F.3d 343, 349 (5th Cir. 2002).

We hold that the bankruptcy court and district court possessed "related to" jurisdiction over this case and therefore AFFIRM the district court's judgment.

---

[4] In addition to his contractual indemnity claim, the pleadings at the time of removal and thereafter indicated another reason why Collins's suit against Sidharthan might have a conceivable effect on KSRP's estate. Namely, Collins claimed that Sidharthan had deprived Collins of his contingency fee for the insurance work by breaching the contract between Collins and KSRP and failing to pay Collins that contingency fee when the insurance proceeds passed through Sidharthan's hands on their way to KSRP. Specifically, Collins alleged that the contract between Collins and KSRP provided Collins "ownership of a portion of the claim to assure payment of his [contingency] fees," but that Sidharthan "converted such interest in the claim and sums to his own use." Collins averred that Sidharthan "had and received funds, including funds from insurers received in connection with the claims made subject of the Contract, and such received funds included money to which [Collins] was entitled," which Collins argued Sidharthan and his attorneys should have to hold in trust for Collins. At the time of removal, these facts in the pleadings provided another reason to think that Collins's suit might affect KSRP's bankruptcy estate. Ultimately, the bankruptcy court found that Collins failed to "prove that Sidharthan ever 'exercised dominion and control' over the insurance proceeds," which it found were paid to KSRP. It further found that the insurance proceeds were "property of KSRP or of KSRP's bankruptcy estate" such that Collins could not access them because he had failed to file a timely proof of claim against KSRP.