# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2995

_____

In re: AFY, Inc., also known as Ainsworth Feed Yards Company, Inc.,

*Debtor.*

------------------------------

Robert A. Sears, individually and as testamentary trustee under the will of
Redmond Sears, deceased; Korley B. Sears,

*Appellants,*

v.

Rhett R. Sears; Rhett Sears Revocable Trust; Ronald H. Sears; Ron H. Sears Trust;
Dane Sears,

*Appellees.*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: May 15, 2018
Filed: September 6, 2018

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Korley Sears and Robert Sears appeal a decision of the Bankruptcy Appellate Panel affirming a bankruptcy court's[1] dismissal of their claims in a protracted family dispute. We agree with the BAP that the claims are barred by the shareholder standing rule, and we therefore affirm.

I.

In 2007, a group of relatives owned shares in a Nebraska corporation called Ainsworth Feed Yards Company, Inc. ("AFY"). Several of these parties—Rhett Sears, Ronald Sears, and Dane Sears—sold their interest to AFY and Korley Sears through a stock sale agreement. The agreement conditioned the sale of the shares on delivery of promissory notes from Korley to Rhett, Ronald, and Dane. Under the agreement, Ronald and Dane remained employees of AFY but were not permitted to "be disloyal to AFY or its management in any way." After the agreement was executed, Korley and his father Robert Sears were the sole shareholders of AFY.

In 2010, AFY filed for Chapter 11 bankruptcy. The bankruptcy court later converted the proceeding to a Chapter 7 bankruptcy. Rhett, Ronald, and Dane filed claims for the moneys owed to them under the stock sale agreement; Robert and Korley objected to the claims. *See* Fed. R. Bankr. P. 3001.

The bankruptcy court ultimately concluded that AFY was liable for the purchase price of the stock sold by Rhett, Ronald, and Dane. The court also ruled that none of those family members had breached any duty under the agreement. In early 2014, the bankruptcy trustee made payments from AFY to Rhett, Ronald, and

---

[1]The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

Dane of approximately $2.6 million. In 2015, the trustee certified that AFY's estate had been fully administered.

In October 2014, Korley and Robert (both individually and as testamentary trustee for his late father) filed a lawsuit in Nebraska state court. They sued Rhett, Ronald, Dane, and also the Rhett R. Sears Revocable Trust and the Ron H. Sears Trust (collectively, the "Sears Defendants"). The plaintiffs alleged that: (1) the Sears Defendants breached the stock sale agreement; (2) Ronald and Dane breached their fiduciary duty to AFY; (3) the Sears Defendants were unjustly enriched by distributions from AFY's bankruptcy; (4) the Sears Defendants conspired and interfered with AFY's business expectancies during AFY's bankruptcy; and (5) the Sears Defendants abused the bankruptcy process.

The Sears Defendants removed the complaint from state court to the federal bankruptcy court. The bankruptcy court ultimately dismissed the complaint on the ground that the shareholder standing rule and the doctrine of claim preclusion barred the plaintiffs' claims. The BAP affirmed. In an appeal from a decision of the BAP, we are a second reviewing court, and we review the bankruptcy court's decision *de novo*. *In re Peoples*, 764 F.3d 817, 820 (8th Cir. 2014).

II.

As a threshold matter, the plaintiffs argue that the bankruptcy court lacked jurisdiction over the case. A bankruptcy court, on referral from a district court, has jurisdiction in cases "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see id.* § 157(a); Neb. D. Ct. Gen. R. 1.5. A case is "related to" Title 11 when "the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy." *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 774 (8th Cir. 1995) (quoting *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987)). There is such an effect if the

outcome of the case "could alter the debtor's rights, liabilities, options, or freedom of action," and could "in any way impact[] upon the handling and administration of the bankruptcy estate." *Id.* (quoting *Dogpatch*, 810 F.2d at 786).

This case, at a minimum, is "related to" a case under Title 11. In their complaint, the plaintiffs claimed that the Sears Defendants breached the stock sale agreement by obtaining the appointment of a trustee in AFY's bankruptcy case and by filing "bogus" claims in AFY's bankruptcy. They asserted that Ronald and Dane breached a fiduciary duty to AFY and its management, and that the Sears Defendants were unjustly enriched by receiving distributions from the AFY bankruptcy estate. They further alleged that the Sears Defendants tortiously interfered with the business expectancies of AFY by interfering with AFY's bankruptcy proceeding. Finally, they claimed that the Sears Defendants abused the bankruptcy process by representing themselves as creditors of AFY. The outcome sought by the plaintiffs, by requiring redistribution of AFY's bankruptcy estate, could alter AFY's liabilities and impact the handling and administration of AFY's bankruptcy. The action is therefore "related to" a case under Title 11, and the bankruptcy court had subject matter jurisdiction on that basis.

The plaintiffs argue alternatively that removal from state court was improper under "the well-pleaded complaint rule" of *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998). *Rivet* held that when a defendant removes a case based on a federal district court's original federal-question jurisdiction under 28 U.S.C. § 1331, there is federal jurisdiction only if a federal question is presented on the face of the properly pleaded complaint. *Id.* at 475. The "well-pleaded complaint rule," however, applies only to jurisdiction based on § 1331. It does not govern when a defendant cites an independent jurisdictional grant as the basis for removal. *See Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992). The bankruptcy court here invoked jurisdiction based on § 1334 and civil proceedings related to cases under Title 11. As such, the well-pleaded complaint rule is inapplicable. *In re KSRP, Ltd.*, 809 F.3d 263,

268 n.3 (5th Cir. 2015). In any event, the state court complaint in this action on its face shows that the claims are related to the AFY bankruptcy, because the claims involve whether the Sears Defendants were proper claimants against AFY's bankruptcy estate, so the well-pleaded complaint rule would be satisfied even if it were considered in this context.

The plaintiffs next assert that the bankruptcy court lacked authority to enter a final order, because only a district court was authorized to do so. The bankruptcy court's authority turns on consent of the parties. In a case proceeding under "related to" jurisdiction, there are two procedural avenues that a case may follow. In one course, the bankruptcy court submits proposed findings of fact and conclusions of law to the district court, and the district court enters a final order after conducting *de novo* review of the proposals. 28 U.S.C. § 157(c)(1). Under a second approach, however, the parties may consent to the bankruptcy court entering appropriate final orders, and the district court is not involved. *Id.* § 157(c)(2). For the latter, express consent is not necessary; implied consent may suffice. *Abramowitz v. Palmer*, 999 F.2d 1274, 1280 (8th Cir. 1993).

We conclude that the plaintiffs impliedly consented to the bankruptcy court's entry of the dismissal order. The rules of procedure provide that after a case is removed from state court and referred to a bankruptcy court, a party "shall file a statement" within fourteen days that declares whether the party does or does not consent to entry of final orders by the bankruptcy court. Fed. R. Bankr. P. 9027(e)(3). The plaintiffs did not file a timely objection. They did file a motion for leave to submit an untimely objection in connection with an early remand order by the bankruptcy court, but the motion was deemed moot after the district court reversed the remand order, and the plaintiffs never renewed efforts to file an objection. In their opposition to the motion to dismiss, the plaintiffs asserted that the claims were "not core matters," and that the bankruptcy court did not have the authority to enter a final order, but did not address the lack of objection or otherwise develop the argument.

Then, after the bankruptcy court entered a final order of dismissal, the plaintiffs chose to appeal to the BAP rather than to the district court. This election reinforces the implication, arising from the lack of a proper objection under the rules, that the plaintiffs were content to resolve the matter without participation by the district court. Although there are some conflicting signals in the record, we think the better view is that the plaintiffs impliedly consented to entry of a final order by the bankruptcy court.

The plaintiffs next argue that the bankruptcy court lacked authority to enter the dismissal order, because the rights at issue here are private rights that an Article I court cannot adjudicate. *See Stern v. Marshall*, 564 U.S. 462 (2011). But a party may impliedly consent to a bankruptcy court's authority to consider private rights. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944-45 (2015). The plaintiffs impliedly consented to adjudication of their rights in the bankruptcy court, because they did not raise a constitutional challenge to the court's authority despite numerous opportunities. *See Matter of Delta Produce, L.P.*, 845 F.3d 609, 617 (5th Cir. 2016).

On the merits, we agree with the BAP that the shareholder standing rule bars the plaintiffs' claims. This rule "is a longstanding equitable restriction that generally prohibits shareholders from initiating actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the same action for reasons other than good-faith business judgment." *Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990). The requirement serves to ensure that plaintiffs assert only their own legal rights and not those of a third party. *Id.* Because a corporation is an entity separate and distinct from its shareholders, a shareholder does not have standing to assert a claim for harm suffered by the corporation. *See In re AFY*, 734 F.3d 810, 820 (8th Cir. 2013)*; Taha v. Engstrand*, 987 F.2d 505, 507 (8th Cir. 1993). A shareholder must allege that he has personally "suffered a direct,

nonderivative injury" to proceed independent of the corporation. *Potthoff v. Morin*, 245 F.3d 710, 717 (8th Cir. 2001).

The plaintiffs in this case allege only injuries that are derivative of AFY. The breach of contract and restitution claims allege that if the Sears Defendants had not received funds from AFY's bankruptcy estate, then the money eventually would have been received by the plaintiffs as shareholders of AFY. But the plaintiffs would have benefited only derivatively if AFY as a corporate entity received the funds. The tortious interference claim alleges that the Sears Defendants interfered with the business expectancies of AFY, so it is a claim of the corporation not the shareholders. Similarly, the claim asserting abuse of the bankruptcy process alleges that AFY was harmed; the plaintiffs were harmed only derivatively as shareholders. In their breach of fiduciary duty claim, the plaintiffs complain that Ronald and Dane violated a duty to put the interests of AFY ahead of their own interests. But the alleged duty was to the corporation, and the shareholder standing rule bars the shareholders from bringing a claim based on a breach of that duty.

The plaintiffs invoke exceptions to the shareholder standing rule that permit recovery if a specific shareholder is owed a special duty or suffers an injury "separate and distinct from that suffered by other shareholders." *Taha*, 987 F.2d at 507. The injuries alleged by the plaintiffs here are no different from what any other shareholder of AFY might have suffered when AFY's bankruptcy estate was diminished. The plaintiffs claim that Ronald and Dane owed them a special duty of loyalty as the "management" of AFY, but loyalty to management is loyalty to the corporation, and the defendants owed no special duty to the plaintiffs as individual shareholders.

\*     \*     \*

The judgment of the bankruptcy court is affirmed.

_____