# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50494

———————

IN THE MATTER OF DOUGLAS KEVIN SMITH

*Debtor*,

DOUGLAS KEVIN SMITH,

*Appellant*,

*versus*

MEDLEGAL SOLUTIONS, INCORPORATED, *doing business as* ATTICUS MEDICAL BILLING, INCORPORATED,

*Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-86

———————————————————————

Before ELROD, *Chief Judge*, and HIGGINBOTHAM and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50494

Once again, Dr. Douglas Smith appeals a ruling in his personal bankruptcy case, now challenging the bankruptcy court's entry of a contempt order and default judgment against him.[1] We AFFIRM.

**I**

Smith filed for personal bankruptcy under Chapter 11 of the Bankruptcy Code on April 30, 2021.[2] In turn, MedLegal Solutions, Inc. ("MedLegal") initiated an adversary proceeding against Smith on July 8, 2021—asserting claims for fraud and fraudulent inducement—and filed its proof of claim in Smith's personal bankruptcy case. MedLegal also sought a determination that all awarded amounts are non-dischargeable debts—and a declaratory judgment involving principles of alter ego, veil piercing, and sham to perpetuate fraud. Overall, MedLegal's claims against Smith arise from its Lien Advance Agreement ("LAA") with Salubrio, L.L.C. ("Salubrio").

In 2018, MedLegal initiated arbitration proceedings against Salubrio for alleged breach of the LAA. Then, "[i]n March 2020, Salubrio filed a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code." *Smith v. Terry (In re Salubrio, L.L.C.)*, No. 22-50453, 2023 WL 3143686, at *1 (5th Cir. Apr. 28, 2023) (per curiam). Salubrio was a medical provider that supplied services to patients involved in personal injury litigation. Smith was the "sole member of Salubrio and control[led] other related entities . . . ." *Id.* For a fee, MedLegal provides administrative

---

[1] *See, e.g.*, *Smith v. Terry (In re Salubrio, L.L.C.)*, No. 24-50272, 2024 WL 4834238 (5th Cir. Nov. 20, 2024) (per curiam); *Smith v. Terry (In re Salubrio, L.L.C.)*, No. 23-50288, 2024 WL 1795773 (5th Cir. Apr. 25, 2024) (per curiam); *Smith v. Terry (In re Smith)*, No. 22-50999, 2023 WL 4992835 (5th Cir. Aug. 4, 2023) (per curiam); *Smith v. Terry (In re Salubrio, L.L.C.)*, No. 22-50453, 2023 WL 3143686 (5th Cir. Apr. 28, 2023) (per curiam).

[2] On August 18, 2021, Smith's case was converted to a Chapter 7 bankruptcy case.

support for medical providers engaged in personal injury litigation. Under the LAA, Salubrio would submit a request to MedLegal for services. If the submission was eligible under the LAA, MedLegal would advance funds—that would later be collected from patient's counsel—to Salubrio. Over the course of their dealings, Salubrio accepted advances "totaling approximately $2 million[.]" *Smith v. Terry (In re Smith)*, No. 5:23-CV-0194-XR, 2024 WL 389241, at *1 (W.D. Tex. Jan. 30, 2024).

The bankruptcy court entered a scheduling order with a deadline for initial disclosure by both parties; Smith failed to make any disclosures before the deadline. *Smith v. MedLegal Sols., Inc. (In re Smith)*, No. 5:22-CV-86, 2024 WL 2228159, at *3 (W.D. Tex. May 16, 2024). On October 12, 2021, the bankruptcy court granted a motion to compel the initial disclosures by October 28, 2021, and rejected Smith's assertion that MedLegal lacked standing for its claims. *Id.* The district court, in turn, dismissed Smith's appeal for lack of jurisdiction. *Id.*

On November 4, 2021, MedLegal filed a trio of motions to order Smith to respond to production requests, to submit to deposition, and to hold him in contempt for failure to comply with the first order. The bankruptcy court, on November 24, 2021, found Smith had not complied with its first order, but extended the deadline for compliance to December 3, 2021. *Id.* The bankruptcy court also ordered Smith to appear for his deposition and to respond to discovery by December 3, 2021—all while denying his motion to dismiss.[3] *Id.*

Almost two months later, on December 30, 2021, MedLegal moved under FED. R. CIV. P. 37(b)(2) and (d) to hold Smith in contempt for his

_____

[3] The bankruptcy court also awarded MedLegal expenses and fees it incurred in compelling Smith's initial disclosures.

No. 24-50494

failures to make any disclosures, to respond to written discovery, and to attend his deposition. *Id.* With these discovery violations in hand, MedLegal sought a default judgment in its favor under FED. R. CIV. P. 37(b)(2)(A)(i)-(vi). *Id.* On January 25, 2022, the bankruptcy court held a hearing on the contempt motion—and two days later entered default judgment in favor of MedLegal for actual damages of $1,480,300.89. *Id.* On February 10, 2022, the bankruptcy court granted the latest contempt motion, found Smith in contempt of four court orders, sanctioned him under FED. R. CIV. P. 37(b)(2)(A)(iii), (vi), and 37(d)(3), and once again awarded MedLegal its incurred expenses and fees. [4] *Id.* Smith appealed the February 10 contempt order and final judgment to the district court.

The district court consolidated the two appeals, setting a briefing schedule with a deadline of July 14, 2022. Smith did not supplement the record before the deadline, but instead waited until September 2022 to attempt to do so. The district court denied this request.

On May 16, 2024, the district court affirmed the bankruptcy court's contempt order and final judgment. *Id.* at *1. The district court noted the thirteen issues Smith listed in his initial designation of issues, identified the seventeen issues Smith highlighted in his appellate brief, and ultimately affirmed the bankruptcy court.[5] *Id.* at *5-17.

---

[4] The bankruptcy court also held a telephonic conference with all implicated parties on February 10, 2022.

[5] In its decision, the district court found many of the issues raised on appeal had not been included in Smith's designation of issues, and as such were abandoned or forfeited. *Id.* at *9. The only live challenges the district court identified were his "challenges [to] the Bankruptcy Court's subject matter jurisdiction, its contempt order, and its alleged failure to consider fraud-on-the-court." *Id.*

No. 24-50494

## II

"We review the decision of a district court, sitting in its appellate capacity, by applying the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court." *In re Highland Cap. Mgmt., L.P.*, 57 F.4th 494, 499 (5th Cir. 2023) (quoting *ASARCO, Inc. v. Elliot Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 600 (5th Cir. 2011)). We review issues of standing de novo and "conclusions of law and mixed questions of law and fact de novo and review findings of fact for clear error." *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021).

## III

Smith raises four points on appeal—namely, that the district court: (A) lacked subject matter jurisdiction over MedLegal's adversary proceeding; (B) disregarded MedLegal's failure to establish standing; (C) disregarded evidence of fraud-on-the-court; and (D) erred by affirming the bankruptcy court's final judgment that included Texas tort law claims.

## A

To begin, Smith contests that the bankruptcy court lacks subject matter jurisdiction over MedLegal's adversary proceeding. His argument rests on the idea that a typographical error in MedLegal's initial filing means there is not a live "case or controversy".[6]

"Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). We examine a bankruptcy court's

---

[6] In particular, MedLegal's complaint filing used the wrong bankruptcy case number (No. 21-50517-rbk) and not the correct one (No. 21-50519-rbk). The complaint was, however, filed in the correct bankruptcy proceeding—and in subsequent filings MedLegal corrected the error.

jurisdiction under 28 U.S.C. § 1334(b) de novo. *See In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 533 (5th Cir. 2022) (footnote and citation omitted). Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "A proceeding relates to a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the debtor's estate." *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th at 534 (citation omitted). Any litigation that could "alter the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate[,]" is related to jurisdiction. *Id.* (quoting *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015) (cleaned up)). While a bankruptcy court's "related-to" jurisdiction is not "limitless", *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995), the bankruptcy court here has jurisdiction to enter judgment against a debtor for debt found to be non-dischargeable. *In re Morrison*, 555 F.3d 473, 479-80 (5th Cir. 2009).

The claims raised by MedLegal in the adversary proceeding were asserted to liquidate debt owed by Smith and to have the debt declared non-dischargeable. As such, the bankruptcy court properly exercised its jurisdiction under 28 U.S.C. § 1334(b) over MedLegal's adversary proceeding.

**B**

Smith also contends that MedLegal has suffered no injury-in-fact, and as such it lacks standing. "To establish Article III standing, a plaintiff must show (1) an 'injury-in-fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v.*

6

No. 24-50494

*Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).[7]

We agree with the district court's conclusion that MedLegal has shown a sizeable monetary injury-in-fact, a sufficient causal connection between the injury and Smith's alleged conduct, and a strong likelihood that the monetary injury would be redressed by a favorable decision. *In re Smith*, 2024 WL 2228159, at *10. Based on Smith's own deposition—taken during arbitration proceedings in October 2019—there was an existing contract between Salubrio and Atticus, MedLegal was doing business as Atticus, and Smith/Salubrio accepted checks from MedLegal due to an existing contract. *Id.* at *11. MedLegal was harmed by a diversion of funds, and a decision rendering Smith individually liable for the amounts owed would redress MedLegal's monetary injury. In short, MedLegal meets the strictures of standing.

## C

Smith asserts that the district court disregarded material evidence of 18 U.S.C. § 1519 violations and fraud-on-the-court by attorneys in the case.[8] Smith's argument boils down to the naked claim that MedLegal's attorneys fabricated evidence in the adversary proceeding and the bankruptcy court willfully ignored this. We agree with the district court that, "[c]onclusory and speculative assertions of fact simply do not carry the day." *In re Smith*,

---

[7] The burden of proving the elements of standing lies with the party invoking jurisdiction. *See Lujan*, 504 U.S. at 560-61 ("The party invoking federal jurisdiction bears the burden of establishing these elements.").

[8] Smith also makes drive-by attacks on opposing counsel in this case, insinuating impropriety on the part of the bankruptcy court because one of the attorneys, Allen M. Debard, served as a briefing attorney for the Hon. Ronald King, the former Chief Bankruptcy Judge for the Western District of Texas. No evidence is proffered by Smith to support these claims.

No. 24-50494

2024 WL 2228159, at \*12. Smith has given this Court no evidence of any fraud-on-the-court or forged signatures. We find no error in the district court's conclusion that Smith's assertions provide no basis for finding error on the part of the bankruptcy court. *Id.*

## D

Smith's final challenge equates to a generalized claim that the bankruptcy court's judgment is unconstitutional. Smith argues that MedLegal's state law tort claims are "non-core" matters. A determination of whether claims are "core" such that a bankruptcy court has authority to enter a final order is a conclusion of law we review de novo. *See In re Natl. Gypsum Co.*, 118 F.3d 1056, 1062 (5th Cir. 1997). Here, MedLegal filed a proof of claim asserting state law tort claims—and the bankruptcy court has the authority to enter final judgment on those claims if their resolution "is necessary to adjudicating its proof of claim." *In re Moore*, 739 F.3d 724, 728 (5th Cir. 2014). MedLegal's proof of claim encompassed the claims asserted in the adversary proceeding and remained unliquidated prior to the commencement of Smith's bankruptcy case. The resolution of MedLegal's state law claims was necessary to adjudicating MedLegal's proof of claim. Thus, the bankruptcy court did not violate its constitutional constraints by granting default judgment for MedLegal.[9]

---

[9] Smith also attempts to raise a Seventh Amendment challenge to the bankruptcy proceedings. This issue was not properly preserved for appeal because it is absent from Smith's original statement of issues. *See In re Highland Cap. Mgmt., L.P.*, 57 F.4th at 499-500 (5th Cir. 2023) (noting Fed. R. Bankr. P. 8009(a)(1)(A)). As such, it is waived on appeal to this Court. *Id.*

No. 24-50494

## IV

The record below reveals a repeated, intentional, and willful refusal by Smith to comply with orders of the bankruptcy court. The bankruptcy court did not err. We AFFIRM the contempt order and final judgment.