# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-20571

IN THE MATTER OF: ZOUHAIR HILAL, also known as Danny Hilal

Debtor

--------------------------------------------------------------------------

ZOUHAIR HILAL, also known as Danny Hilal

Appellant

v.

CHAPTER 11 TRUSTEE RANDY W. WILLIAMS

Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

EDITH H. JONES, Chief Judge:

An extraordinarily litigious debtor[1] challenges in this appeal two aspects of the Chapter 11 Plan confirmed at the instance of the Trustee and creditors, principally the IRS. We hold that the appeal is not equitably moot,

---

[1] The debtor has filed numerous other actions related to his bankruptcy, including challenges to his IRS tax liability, challenges to the Trustee's compromise with a judgment creditor, and challenges to an order approving the Trustee's employment of attorneys.

notwithstanding that the Plan has been substantially consummated and the debtor neither obtained a stay or posted a bond pending appeal. The debtor's merits issues, which challenge only the Plan's exculpatory clause for the Trustee and the Trustee's percentage compensation arrangement, border on frivolous. We accordingly vacate the district court's dismissal of the appeal and affirm the bankruptcy court confirmation order.

## BACKGROUND

The procedural history of this appeal is straightforward. Zouhair Hilal ("Hilal") filed a Chapter 11 bankruptcy petition in early 2005, a trustee was appointed, and a year and half later, after several iterations of a reorganization plan were proposed and thoughtful revisions were required by the bankruptcy court, a confirmation order was entered. The plan called for liquidation of the debtor's assets, and its objectives have been substantially achieved.

Hilal appealed the plan confirmation order to the district court and challenged two provisions: the release of the Trustee from liability for negligence and breach of fiduciary duty but not for gross negligence or willful misconduct; and the compensation of the Plan Agent on a percentage basis pursuant to 11 U.S.C. § 326(a), rather than on an hourly basis. The district court dismissed the appeal as equitably moot. Hilal appealed to this court.

## DISCUSSION

1. Equitable Mootness

Hilal is correct that because he narrowly framed his attack on the confirmation order, his appeal should not have been dismissed by the district court as equitably moot. The doctrine of equitable mootness should be and often is applied to forestall bankruptcy appeals from confirmed bankruptcy plans, because the appellate courts recognize that "there is a point beyond which they cannot order fundamental changes in reorganization cases." In re Manges, 29 F.3d 1034, 1039 (5th Cir. 1994). Equitable mootness is a prudential, not a

constitutional, doctrine that evolved in response to the particular necessities surrounding consummation of confirmed bankruptcy reorganization plans. In re Grimland, Inc., 243 F.3d 228, 231 (5th Cir. 2001). An appeal is equitably moot when a plan of reorganization has been so substantially consummated that a court cannot order effective relief even though a live dispute remains among some parties to the bankruptcy case. Id. Manges articulated a three-part test for determining equitable mootness, two of whose factors are undisputed in this case: Hilal did not seek a stay of the plan confirmation order, and the plan has been substantially consummated. The remaining Manges factor is whether the relief requested on appeal would affect the rights of parties not before the court or the success of the plan. 29 F.3d at 1039.

The third factor does not favor equitable mootness in this case. Even if this court adopted Hilal's positions and revised the plan provisions concerning the Trustee, no third parties would be adversely affected by the outcome of the appeal. The liquidation of the debtor's assets would not have to be modified, and any distributions previously made to creditors would not be reduced. The Trustee's argument to the contrary reflects his erroneous premise that Hilal is appealing the entire confirmation order. Instead, Hilal opposes only provisions relating to the Trustee. Indeed, were Hilal to persuade us that the plan overpaid the Trustee, the Trustee might have to reimburse the estate, yielding more money for the creditors. Further, a change in the scope of the release would affect only the Trustee and other professionals, who are no strangers to the plan and who have been on notice of this contingent exposure since early in the confirmation process.

Not only is there no potential adverse effect on the plan or third parties from our hearing the appeal, but equity strongly supports appellate review of issues consequential to the integrity and transparency of the Chapter 11 process. The terms of professional compensation are integral to maintaining these

standards, as is the extent to which bankruptcy professionals may be released from liability for their errors. Bankruptcy professionals exercise significant influence in negotiating, drafting, and carrying out reorganization plans. Their fees are paid by the debtor's estate, and overpayments diminish the pot ultimately available to repay creditors. Finally, bankruptcy professionals who are to be compensated by the estate bear fiduciary responsibilities of high order to the estate and creditors. Allowing equitable mootness to insulate critically important aspects of professional conduct and compensation from appellate scrutiny, especially where the issues, as raised here, are peripheral to the plan's consummation, would disserve bankruptcy administration.

Other circuits have agreed that equitable mootness need not foreclose an appeal from aspects of Chapter 11 plan confirmation that solely concern professional compensation and releases. See In re Zenith Elecs. Corp., 329 F.3d 338, 346-47 (3d Cir. 2003) (appeal seeking disgorgement of fees paid to professionals not equitably moot); In re United Artists Theatre Co. v. Walton, 315 F.3d 217, 228 (3d Cir. 2003) (appeal concerning indemnity provision releasing professionals not equitably moot); In re PWS Holding Corp., 228 F.3d 224, 236-37 (3d Cir. 2000) (appeal concerning release of committee members and professionals not equitably moot); In re Continental Airlines, 203 F.3d 203, 209-11 (3d Cir. 2000) (appeal concerning release of officers and directors of debtor not equitably moot); In re S.S. Retail Stores Corp., 216 F.3d 882, 884-85 (9th Cir. 2000) (appeal seeking disgorgement of attorneys' fees not equitably moot); In re Int'l Envtl. Dynamics, Inc., 718 F.2d 322, 325-26 (9th Cir. 1983) (appeal challenging award of counsel fees not equitably moot). We agree with their application of the doctrine. We conclude that the district court abused its discretion in dismissing this appeal for equitable mootness.

2. Trustee Release

Hilal's attack on the scope of the release for the Trustee is foreclosed by binding Fifth Circuit precedent. In this circuit, trustees cannot be subjected to personal liability for damages to the bankruptcy estate unless they are found to have acted with gross negligence. In re Smyth, 207 F.3d 758, 762 (5th Cir. 2000). Because the release does not relieve the Trustee of liability for gross negligence, the release merely states the existing standard of liability for trustees. This panel cannot overrule prior Fifth Circuit authority, and Hilal has presented no sound reason why we should urge en banc reconsideration.[2]

3. Percentage Compensation of Plan Agent

Hilal asserts that if the Trustee were compensated on an hourly basis, rather than through the statutory percentage scale authorized by the plan, his fees would be lower and the estate would benefit. He offered no evidence in the bankruptcy court supporting his contention, while the Trustee earnestly argued that he has foregone a much larger return on his work by being reimbursed on a percentage basis. Hilal's argument fails for want of factual support.

For the foregoing reasons, we VACATE the decision of the district court and AFFIRM the bankruptcy court judgment.

---

[2] The release also exculpates "Professionals retained by the trustee." Smyth would not foreclose a challenge to this aspect of the provision, as the case does not address the scope of liability for other bankruptcy professionals. We do not reach this potential issue, however, because Hilal has not challenged this aspect of the release.