**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2009

No. 08-51075
Summary Calendar

Charles R. Fulbruge III
Clerk

In the Matter of: GREEN AGGREGATES INC, also known as Garland GAI Inc,

Debtor

--------------------------------------------------------------------

J NELSON HAPPY,

Appellant

v.

EQUITY BANK SSB; PRESIDENTIAL FINANCIAL CORPORATION; CHIRON EQUITIES LLC,

Appellees

Appeal from the United States Bankruptcy Court
for the Western District of Texas
USDC No. 08-CV-550

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

J. Nelson Happy, *pro se*, appeals the bankruptcy court's order to substantively consolidate debtor Green Aggregates, Inc. with non-debtor Garland GAI, Inc. We find that the appeal is equitably moot.

I.

J. Nelson Happy was the sole shareholder of Green Aggregates, Inc. ("Green" or "Debtor"). Green operated a limestone quarry in Cooke County, Texas and two pavement recycling plants, one in Fort Worth and one in Garland. After four months of heavy rainfall in early 2007, Green's quarry operations came to a halt. On June 6, Green received a notice of default from its largest creditor, Equity Bank.

At that time, it also became apparent that Green soon would be evicted from the Garland pavement recycling property. Happy incorporated Garland GAI, Inc. ("GAI") to acquire another leasehold, and GAI subsequently signed a lease agreement with the City of Garland. Happy contends that it was necessary to incorporate a separate entity because Green's strained financial condition frightened off potential lessors. Appellees assert that Happy essentially transferred Green's pavement recycling operations to GAI. Happy acknowledges that there was some operational overlap between Green and GAI, but he asserts that separate books were maintained and that all revenue and expenses were accurately apportioned.

Green filed a voluntary petition for bankruptcy on December 31, 2007, and a Chapter 11 trustee was appointed on March 31, 2008. The trustee entered into an operating agreement with Congress Materials, LLC, whereby Congress Materials managed the Debtor's concerns. On that same day, Happy sold all of his GAI shares to Sunset Resources, Inc. Sunset entered into a similar management agreement with Congress Materials regarding GAI.

Soon thereafter, Equity Bank filed a motion requesting substantive consolidation of Green and GAI. Substantive consolidation "treats separate legal

2

entities as if they were merged into a single survivor left with all the cumulative assets and liabilities (save for inter-entity liabilities, which are erased). The result is that claims of creditors against separate debtors morph to claims against the consolidated survivor." *In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005). Equity Bank argued that disentangling Green and GAI's assets and liabilities would be prohibitively difficult. Equity Bank also described a number of questionable transactions between the two companies. On April 21, 2008, the court granted the motion and substantively consolidated Green and GAI.

In October, this court granted Happy's petition to appeal pursuant to 28 U.S.C. § 158(d). Happy, however, did not obtain a stay of the bankruptcy court proceedings. Since the filing of this appeal, a plan of reorganization has been proposed, and the bankruptcy court confirmed the plan on December 31.

## II.

As a threshold matter, we must determine whether this appeal is equitably moot. "The doctrine of equitable mootness should be and often is applied to forestall bankruptcy appeals from confirmed bankruptcy plans, because the appellate courts recognize that there is a point beyond which they cannot order fundamental changes in reorganization cases." *In re Hilal*, 534 F.3d 498, 500 (5th Cir. 2008) (internal quotation marks omitted). This court has developed a three-part test for determining when an appeal is equitably moot. *Id.* "[We] examine[] whether (1) a stay has been obtained, (2) the plan has been substantially consummated, and (3) the relief requested would affect either the rights of parties not before the court or the success of the plan." *In re GWI PCS 1 Inc.*, 230 F.3d 788, 800 (5th Cir. 2000).

In this case, factors one and three plainly counsel in favor of mootness. Happy has failed to obtain a stay to prevent the execution of the reorganization plan. Moreover, the relief Happy requests, reversal of the substantive consolidation order, would foil the success of the plan. The plan confirmed by

the bankruptcy court could not go forward and the implementation of the plan would have to be undone.

The second factor, whether the plan has been substantially consummated, also weighs heavily in favor of dismissal on equitable mootness grounds. "Substantially consummated" is defined in the bankruptcy code to mean:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2). In this case, the effective date of the plan was January 10, 2009. On that day, the Debtor's old equity was extinguished and new equity was issued to Congress Materials, LLC. That day also marked the commencement of all plan distributions. Thus, according to the above definition, the plan of reorganization has been substantially consummated.

### III.

"[T]here is a point beyond which [appellate courts] cannot order fundamental changes in reorganization actions." *In re Manges*, 29 F.3d 1034, 1039 (5th Cir. 1994). Regarding the issues raised by Happy, this case has reached that point; "effective judicial relief is no longer available." *Id*. Accordingly, the appeal is

DISMISSED.