# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10278
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2016

Lyle W. Cayce
Clerk

In Re: REGINA NACHAEL HOWELL FOSTER,

     Debtor

REGINA NACHAEL HOWELL FOSTER; FOSTER CHILDREN, by and through their Next Friend, Regina Nachael Howell Foster,

     Appellants

v.

AREYA HOLDER,

     Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:14-CV-1061, 4:14-CV-1062

---

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Regina Foster and her children seek to appeal in forma pauperis. We DENY the motion and DISMISS the appeal.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10278

Regina Foster declared Chapter 7 bankruptcy in 2012. In 2013, she filed a claim against her estate as next friend of her children and sought to remove the Chapter 7 Trustee under 11 U.S.C. § 324(a). The bankruptcy court denied that motion. Foster and her children moved in the bankruptcy court to appeal that order in forma pauperis. The bankruptcy court denied the Foster children's motion because the court had disallowed their claim. The bankruptcy court granted Foster's motion to appeal in forma pauperis.

On appeal in the district court, the Chapter 7 Trustee moved to dismiss because Foster and her children lacked standing to appeal the bankruptcy court's order. The district court dismissed the appeal. The district court denied motions by Foster and her children to proceed in forma pauperis.

DISCUSSION

Foster and her children now appeal here and move to proceed in forma pauperis. A motion to proceed in our court in forma pauperis is a challenge to a district court's certification that an appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We determine whether an appeal is taken in good faith by inquiring "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quotation marks omitted).

We apply the same standard of review to the bankruptcy court's decision as applied by the district court. *In re Amco Ins.*, 444 F.3d 690, 694 (5th Cir. 2006). "The bankruptcy court's findings of fact are reviewed under a clear error standard, while conclusions of law are reviewed *de novo*." *Id*. When considering a motion to dismiss for lack of standing, we "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004).

2

No. 15-10278

We first consider whether Foster's children have standing to challenge the bankruptcy court's order.[1]  A party cannot appeal from a bankruptcy court's order unless the party qualifies as a "person aggrieved." *Id.*  A "person aggrieved" is one "directly and adversely affected pecuniarily by the order of the bankruptcy court." *Id.* at 203.  The bankruptcy court disallowed the claim by Foster's children.  We affirmed that decision.  *See Foster v. Holder*, No. 15-10778.  The children cannot show they suffer a direct or adverse pecuniary effect from the bankruptcy court's denial of their motion because they are not creditors of the estate.  Therefore, they lack standing to appeal the bankruptcy court's decision.

Foster also appealed the bankruptcy court's order.  A persuasive unpublished opinion guides our analysis of Foster's challenge.  *See In re Solomon*, 129 F.3d 608, 1997 WL 680934 (5th Cir. Sept. 25, 1997).  In *Solomon*, we noted that Chapter 7 debtors typically do not have standing to appeal bankruptcy court orders because they lack "pecuniary interest in the administration of the estate" because the estate is insolvent.  *Id.* at *6 n.10.  If the estate is solvent or if the debtor shows that a successful appeal will make the estate solvent, creating a surplus for the debtor under 11 U.S.C. § 726(a)(6), then the debtor could have a pecuniary interest in the estate that may be directly or adversely affected by bankruptcy court orders.  *See id.*  Foster argues that the estate is solvent.  The debtor in *Solomon* similarly asserted that he had standing because his successful appeal would make the estate solvent and create a surplus of assets.  *Id.*  In *Solomon*, the panel assumed that

---

[1] We do not decide whether a bankruptcy court's denial of a motion to remove the trustee is a final, appealable order because Foster and her children have alternatively characterized their appeal as a petition for a writ of mandamus.  *See In re Delta Servs. Indus.*, 782 F.2d 1267, 1271–72 (5th Cir. 1986).  Because we hold that Foster and her children fail to raise any nonfrivolous argument, they would be unable to meet the higher standard for a writ of mandamus.  *See In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003).

3

No. 15-10278

the debtor's assertion was correct and that he had standing because it reasoned that "in any case, Solomon cannot show that the bankruptcy court erred." *Id.* We take a similar course.

Assuming Foster has standing, we turn to the bankruptcy court's order. A trustee is removed for cause upon a showing of clear and convincing evidence. *See In re IFS Fin. Corp.*, 803 F.3d 195, 203, 205–08 (5th Cir. 2015); 11 U.S.C. § 324(a). We review a bankruptcy court's decision concerning the removal of a Chapter 7 trustee for abuse of discretion. *See In re IFS Fin. Corp.*, 803 F.3d at 203. A bankruptcy court abuses its discretion when it "applies an improper legal standard or follows improper procedures" or "rests its decisions on findings of fact that are clearly erroneous." *Id.* The bankruptcy court held a hearing on the Foster children's motion and denied the motion. Foster fails to point to any clearly erroneous factual finding the bankruptcy court made at that hearing or any misapplication of law. She presents no arguable legal point as to how the bankruptcy court abused its discretion.

Finally, the Chapter 7 Trustee requests that we dismiss the appeal as frivolous and award damages and costs under Federal Rule of Appellate Procedure 38. We agree with an unpublished opinion from our court that a party must make a "separately filed motion," as Rule 38 states, in order to request damages and costs. *See Olive v. Gonzalez*, 31 F. App'x 152, 2001 WL 1747763 (5th Cir. 2001). Nonetheless, we may dismiss an appeal as frivolous *sua sponte* when it is apparent the appeal lacks merit. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.

We DENY the motion to proceed in forma pauperis and DISMISS the appeal as frivolous. The appellants must bear all court costs, but we do not award damages.