# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2017

Lyle W. Cayce
Clerk

In the Matter of: XENON ANESTHESIA OF TEXAS, P.L.L.C.

                                        Debtor

MUJTABA ALI KHAN,

                                        Appellant

v.

XENON HEALTH, L.L.C.,

                                        Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2451

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Xenon Anesthesia of Texas, P.L.L.C., filed for Chapter 7 bankruptcy. Xenon Health, L.L.C. then filed a proof of claim, and Mujtaba Ali Khan objected. The bankruptcy court dismissed his objection, and the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20156

affirmed the dismissal. Khan now appeals the dismissal. Because Khan is not a party in interest and lacks standing to object, we AFFIRM the dismissal.

## I.

On December 13, 2013, Xenon Anesthesia of Texas, P.L.L.C. ("Xenon Texas"), filed for Chapter 7 bankruptcy. In June 2014, both Mujtaba Ali Khan and Xenon Health, L.L.C. ("Xenon Health") filed proofs of claims.[1] In January 2016, Khan initiated this action by objecting to Xenon Health's proof of claim. Prior to this action, Khan was involved in breach-of-contract litigation in Texas state court. One of the contracts at issue in that litigation was a Purchase and Sale Agreement in which Khan had agreed to sell his interest in Xenon Texas to Haroon Chaudhry. As a result of that litigation, in June 2013, a Texas state court ordered Khan to transfer his equity interest in Xenon Texas to Chaudhry. The order was incorporated in a final judgment that was issued in July 2014. After Khan filed a series of appeals in which the order was affirmed and he was found guilty of contempt, he finally transferred his ownership interest to Chaudhry in March 2015. He did this by executing and turning over an Equity Interest Assignment Agreement ("2015 Equity Agreement"). Subsequently, in October 2015, Khan withdrew his proof of claim.

In February 2016, Xenon Health filed a motion to dismiss Khan's objection, arguing that Khan was not a party in interest and thus lacked

---

[1] Xenon Health "is a California company that provides anesthesia services to medical facilities and management services to anesthesia providers." *Xenon Health, L.L.C. v. Baig*, 662 F. App'x 270, 271 (5th Cir. 2016) (per curiam). Haroon Chaudhry, M.D., a California resident, is the president and chief executive officer of Xenon Health. *Id.* Chaudhry was getting his medical license in Texas when he established Xenon Texas with Khan, a physician licensed to practice medicine in Texas, in order to provide anesthesia services in Texas. *Id.* As a part of that business deal, Chaudhry and Khan entered into three contracts in July 2011: (1) a Purchase and Sale Agreement, (2) an Equity Interest Assignment Agreement, and (3) an Exclusive Management Services Agreement. *Id.*

No. 17-20156

standing to object to the proof of claim. Xenon Health's contention was based on the July 2014 final judgment and subsequent transfer of Khan's equity interest. The bankruptcy judge granted the motion, concluding that after turning over his equity interest, Khan no longer qualified as a party in interest. The district court affirmed the judgment after a hearing. During that hearing, the district court stated that *res judicata* precluded the re-litigation of the validity of the Purchase and Sale Agreement because the Texas "final judgment addresses all questions that were raised and could have been raised about that topic between [Khan and Chaudhry]." Khan timely appealed.

## II.

"[W]e review a bankruptcy court's findings of fact for clear error and conclusions of law de novo." *In re Green Hills Dev. Co.*, 741 F.3d 651, 654 (5th Cir. 2014).

A party in interest has standing to object to a proof of claim. *See* 11 U.S.C. § 502; *In re Beach Dev., L.P.*, No. 03-80223-G3-7, 2006 WL 2403455, at *3 (Bankr. S.D. Tex. July 24, 2006). "The term 'party in interest' is not defined in the Bankruptcy Code." *In re Megrelis*, No. 13-35704-H3-7, 2014 WL 4558927, at *2 (Bankr. S.D. Tex. Sept. 12, 2014). It generally "means anyone who has a legally protected interest that could be affected by the bankruptcy case." *Id.* (citing *In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1391 (7th Cir. 1996)). One who has filed a proof of claim is considered a party in interest unless the proof of claim is withdrawn or disallowed. *See In re Beach Dev.*, 2006 WL 2403455, at *4. Additionally, an equity interest holder may be a party in interest if "there exists a possibility that there will be a surplus after payment of claims." *Id.* at *3.

Here, Khan is not a party in interest and thus does not have standing to object to Xenon Health's proof of claim. Khan does not dispute that he withdrew his proof of claim in October 2015. Khan also does not deny that he

executed the 2015 Equity Agreement that transferred his equity interest in Xenon Texas to Chaudhry.

Khan argues that the bankruptcy court erred because the 2015 Equity Agreement was illegal and void. His primary support for this contention comes from an unpublished Fifth Circuit case, *Xenon Health, L.L.C. v. Baig*, 662 F. App'x 270 (5th Cir. 2016) (per curiam), in which he is not a party. In *Baig*, this court affirmed the district court's grant of summary judgment dismissing the plaintiffs' tortious interference with a contract claim against Baig. *Id.* at 271. The contracts at issue—all contemporaneously executed in July 2011— were an Equity Interest Assignment Agreement, an Exclusive Management Services Agreement, and the aforementioned Purchase and Sale Agreement from the Texas litigation. *Id.* This court concluded that these three contracts were illegal and void under the Texas Medical Practice Act because they provided for the practice of medicine without a license. *Id.* Based on *Baig*, Khan contends that this court has *already* found the 2015 Equity Agreement illegal and void.

Khan's argument is without merit. He wrongly conflates the 2011 Equity Interest Assignment Agreement in *Baig* and the 2015 Equity Agreement that the bankruptcy court discussed. As they were executed at different times, they are separate contracts; the 2015 Equity Agreement was not at issue in *Baig*. Thus, the bankruptcy court's finding that Khan transferred his equity interest in March 2015 is not clearly erroneous.[2] In sum, Khan withdrew his proof of claim and currently has no ownership interest in Xenon Texas. Accordingly, he is not a party in interest and has no standing to object to Xenon Health's proof of claim.

---

[2] Khan also argues that *res judicata*, based on the Texas judgment, should not apply in this proceeding. This contention is irrelevant to the disposition of this case. Thus, we do not address whether *res judicata* applies here.

No. 17-20156

Xenon Health requests the award of damages and double costs as sanctions against Khan and his attorney for the filing of a frivolous appeal under Rule 38 of the Federal Rules of Appellate Procedure. We find that Khan's appeal is not so without merit as to constitute a frivolous appeal justifying such an award. Accordingly, we deny Xenon Health's request.

## III.

The district court's judgment affirming the bankruptcy court's dismissal is AFFIRMED. Xenon Health's request for sanctions is DENIED.