# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2021

Lyle W. Cayce
Clerk

No. 21-10468

In the Matter of: William Berry Dean, III

*Debtor*,

William Berry Dean, III,

*Appellant*,

*versus*

Scott M. Seidel, Chapter 7 Trustee,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-1834

Before Wiener, Graves, and Ho, *Circuit Judges*.
Jacques L. Wiener, Jr., *Circuit Judge*:

In this appeal of a bankruptcy court order, the debtor objects to a litigation funding arrangement entered into by the trustee and a creditor. We do not reach the merits of the debtor's objection because he does not have bankruptcy standing.

No. 21-10468

# I. Background

Debtor-Appellant William Berry Dean, III filed a Chapter 7 voluntary petition in 2019. Appellee Scott M. Seidel was appointed trustee for the estate. Reticulum Management, LLC ("Reticulum") is one of the creditors. (Reticulum has objected to the discharge of its claims against Dean in a related proceeding).

Seidel did not have sufficient unencumbered funds to retain counsel to pursue claims for the estate and potentially reclaim money for creditors. Consequently, Seidel and Reticulum entered into a Litigation Funding Agreement ("the Agreement") in which Reticulum "agreed to provid[e] funding to the Trustee and the Debtor's bankruptcy estate to fund the Trustee's litigation against the [f]uture [d]efendants in exchange for a share of any of the [l]itigation [p]roceeds."

In June 2020, the bankruptcy court held a hearing in which it granted Seidel's motion to approve the Agreement. The district court affirmed that decision of the bankruptcy court, holding that it had not committed clear error. Dean appealed, contending that such an agreement undermines the statutory ranking system for distribution of the estate's property by allowing Reticulum to move ahead of other creditors in the order of payment.

# II. Standard of Review

"We review the decision of a district court, sitting in its appellate capacity, by applying the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court."[1] We review conclusions of law and mixed questions of law and fact de novo and

---

[1] *In re ASARCO, L.L.C.*, 650 F.3d 593, 600 (5th Cir. 2011).

No. 21-10468

review findings of fact for clear error.[2] "Standing is a question of law that we review de novo."[3] Bankruptcy standing is a prudential standing requirement.[4] As such, we may address the issue even when it was not raised below.[5]

## III. Analysis

"[S]tanding to appeal a bankruptcy court order is, of necessity, quite limited."[6] "To determine whether a party has standing to appeal a bankruptcy court order, this court uses the 'person aggrieved' test."[7] This test "is an even more exacting standard than traditional constitutional standing."[8] The appellant must show that he is "directly, adversely, and financially impacted by a bankruptcy order."[9] Such standing must be connected to the exact order being appealed as opposed to the proceedings more generally. We have explained "that the *order* of the bankruptcy court must directly and adversely affect the appellant pecuniarily."[10]

---

[2] *Id.* at 601.

[3] *In re Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018).

[4] *See In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004).

[5] *See, e.g.*, *Nat'l Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt. Auth.*, 389 F.3d 491, 498-99 (5th Cir. 2004) (addressing prudential standing sua sponte).

[6] *In re Technicool*, 896 F.3d at 385.

[7] *In re Mandel*, 641 F. App'x 400, 402 (5th Cir. 2016) (unpublished) (quoting *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015)).

[8] *Fortune Nat. Res.*, 806 F.3d at 366 (quoting *In re Coho Energy Inc.*, 395 F.3d at 202).

[9] *In re Technicool*, 896 F.3d at 384.

[10] *Fortune Nat. Res.*, 806 F.3d at 367 (emphasis in original).

No. 21-10468

In a Chapter 7 bankruptcy, "the debtor-out-of-possession typically has no concrete interest in how the bankruptcy court divides up the estate."[11] Once a trustee is appointed, "the trustee, not the debtor or the debtor's principal, has the capacity to represent the estate and to sue and be sued."[12] However, a debtor may retain bankruptcy standing by showing "that defeat of the order on appeal . . . would affect his bankruptcy discharge."[13]

Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets. For instance, we have held that the owner of a debtor company in a Chapter 7 bankruptcy could not object to an order approving the hiring of special counsel because such an order would not affect the debtor company's discharge.[14] We have also held that a creditor did not have bankruptcy standing to object to an order approving the sale of assets because the creditor would be in the same position financially, whether or not the bankruptcy court approved the sale.[15]

Dean contends that the pending related action in which Reticulum objects to the discharge of its claim shows he can still be affected by this order. He points to our decision in *In re Mandel* in which the debtor retained bankruptcy standing because his claim had not yet been discharged. In that case, the debtor had standing to object to an order that allowed claims for

---

[11] *In re Mandel*, 641 F. App'x at 402-03.

[12] *Id*. at 402 (quoting *Vega v. Gasper*, 36 F.3d 417, 422 (5th Cir. 1994)).

[13] *Id*. at 403 (alteration in original; quoting *In re Beaulac*, 294 B.R. 815, 821 (1st Cir. BAP 2003) (per curiam)).

[14] *In re Technicool*, 896 F.3d at 384.

[15] *Fortune Nat. Res.*, 806 F.3d at 367.

compensation for legal services against his bankruptcy estate.[16] But *Mandel* does not stand for the general proposition that the simple existence of a pending debt creates bankruptcy standing for the debtor. The order at issue in *Mandel* specifically related to whether a debt would be discharged. We ultimately held that "a debtor in a Chapter 7 bankruptcy proceeding . . . has standing to appeal an order by the bankruptcy court allowing claims against his bankruptcy estate by the Appellees."[17]

Here, the order on appeal — approval of a litigation funding agreement — does not affect whether Dean's debts will be discharged. Neither does it affect Reticulum's related pending case in which it "objected to Dean's bankruptcy discharge and to discharge of its claims against Dean." Dean thus does not have bankruptcy standing because he cannot show how the order approving the litigation funding agreement would directly, adversely, and financially impact him.

## IV. Conclusion

We DISMISS this appeal for Dean's lack of bankruptcy standing.

---

[16] *In re Mandel*, 641 F. App'x at 405.

[17] *Id*. at 401.