# United States Court of Appeals for the Fifth Circuit

--------------------

No. 24-60255

--------------------

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2024

Lyle W. Cayce
Clerk

In the Matter of Ikechukwu H. Okorie

*Debtor*,

Ikechukwu H. Okorie,

*Appellant*,

*versus*

Citizens Bank; American Express National Bank; Trustmark National Bank; PriorityOne Bank; OneMain Financial Group, L.L.C.; Wells Fargo Bank, N.A.; National Funding; First Bank; Synchrony Bank; Bancorpsouth Bank; U.S. Bank; Knight Capital Funding III, L.L.C.; Quantum3 Group, L.L.C.,

*Appellees*.

--------------------------------------------

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:23-CV-173

--------------------------------------------

Before Graves, Willett, and Wilson, *Circuit Judges*.

No. 24-60255

Per Curiam:[*]

In 2019, Dr. Ikechukwu Okorie filed for Chapter 11 bankruptcy. Citizens Bank, American Express National Bank, Trustmark National Bank, PriorityOne Bank, OneMain Financial Group, L.L.C., Wells Fargo Bank, N.A., National Funding, First Bank, Synchrony Bank, Bancorpsouth Bank, U.S. Bank, Knight Capital Funding III, L.L.C., and Quantum3 Group, L.L.C. filed claims alleging debts Dr. Okorie owed them. In 2021, the case was voluntarily converted to a Chapter 7 bankruptcy case, and Kimberly Lentz was appointed trustee. Later that year, Dr. Okorie was granted a Chapter 7 discharge.

Over a year later, Dr. Okorie filed multiple *pro se* objections to the above creditors' proofs of claim. In November 2023, the bankruptcy court overruled all of Dr. Okorie's objections because that he was "not a party in interest that may object to claims under [11 U.S.C.] § 502(a)." Dr. Okorie appealed, and the district court affirmed on the grounds that Dr. Okorie "lacked standing to file any of his Objections to the creditor's claims." Dr. Okorie now appeals and claims he has standing as a party in interest, that the district court did not "properly appl[y] judicial estoppel and prior admissions," that his claims against First Bank are not moot, and that the lower court's decision violated his due process rights.

The first question before us is whether the district court erred in concluding that Dr. Okorie lacks standing to object to his creditors' claims. "The Court reviews the decision of the district court, sitting in its bankruptcy appellate capacity, 'by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as the district court

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60255

applied.'"[1] Whether Dr. Okorie has standing to object to these claims is a legal question that will be reviewed de novo.[2]

In bankruptcy actions, only "parties in interest" have standing to object to proofs of claim.[3] Yet, the Bankruptcy Code does not define who constitutes such a party.[4] To fill this gap, we have recognized the general rules that "a trustee, as the representative of the bankruptcy estate, is [a] party in interest," and that "[o]ne who has filed a proof of claim is considered a party in interest."[5] Therefore, "most courts have found that only the *trustee* may *object* to [creditors'] proofs of claim."[6] And a debtor generally cannot object to claims.[7]

There are, however, exceptions to this rule. First, "an equity interest holder may be a party in interest if 'there exists a possibility that there will be a surplus after payment of claims.'"[8] Second, a debtor may be a party in interest "if the sustained claim objection will pay more towards a non-

---

[1] *Matter of Dean*, 18 F.4th 842, 843–44 (5th Cir. 2021) (quotation omitted); *see also, Matter of Xenon Anesthesia of Tex., P.L.L.C.*, 698 F. App'x 793, 794 (5th Cir. 2017) (quoting *In re Green Hills Dev. Co.*, 741 F.3d 651, 654 (5th Cir. 2014)).

[2] *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 305 (5th Cir. 2001).

[3] *See* 11 U.S.C. § 502(a).

[4] *Matter of Xenon Anesthesia*, 698 F. App'x at 794.

[5] *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (citing 11 U.S.C. § 541(a)(1) and *Wieburg*, 272 F.3d at 306)); *Matter of Xenon Anesthesia*, 698 F. App'x at 794.

[6] *In re Fantaci*, No. 21-11127, 2023 WL 6164906, at *4 (Bankr. E.D. La. Sept. 20, 2023) (citing *In re Watson*, No. 03-13355, 2004 WL 3244420, at *1 (Bankr. M.D. La. Sept. 29, 2004) (citing cases), and *In re Manshul Constr. Corp.*, 223 B.R. 428, 430 (Bankr. S.D.N.Y. 1998)).

[7] *In re Curry*, 409 B.R. 831, 837 (Bankr. N.D. Tex. 2009).

[8] *Matter of Xenon Anesthesia*, 698 F. App'x at 794 (internal citation omitted).

discharged debt."[9] And third, some bankruptcy courts have recognized that a debtor may have standing when no trustee has been appointed or the trustee "unjustifiably refused to object to a claim."[10] Dr. Okorie argues the third exception applies here.

In his brief, Dr. Okorie claims that "the trustee failed to object to claims that clearly were in violation of the law" because "the failure of the Appellees to produce pertinent documents in support of their claims raised legitimate concerns over the validity of the claims." This allegation, and it alone, forms the basis of Dr. Okorie's argument that the exception applies to his situation. Yet, he has not provided any evidence that the trustee's failure to file claim objections was unjustifiable.[11] Dr. Okorie merely recites that claimants must submit documentation with their claims and states Appellees did not produce the "pertinent" documentation.

Nor has Dr. Okorie demonstrated that any of the other exceptions apply. Dr. Okorie acknowledges that "there may be no surplus," and he doesn't argue that any of his objections, if sustained, will pay more towards a non-discharged debt.[12]

---

[9] *In re Curry*, 409 B.R. at 838 (citing *Mulligan v. Sobiech*, 131 B.R. 917, 920 (S.D.N.Y.1991)).

[10] *In re Baker Sales, Inc.*, No. 13-12693, 2022 WL 362908, at *3 (Bankr. E.D. La. Feb. 7, 2022).

[11] Notably, the district court concluded that "Dr. Okorie [did] not identif[y] any specific objections that the Trustee should have raised but unjustifiably refused to do so."

[12] *See Matter of Dean*, 18 F.4th 842, 844 (5th Cir. 2021) ("Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets."); *see also, In re Fantaci*, 2023 WL 6164906, at *4 (debtor has burden to demonstrate a reasonable possibility of a surplus).

No. 24-60255

For these reasons, we find that Dr. Okorie has not shown any one of the exceptions to the general rule applies, and that he lacks standing to object to the claims.

Dr. Okorie also alleges improper application of judicial estoppel, incorrect conclusions as to mootness, and violation of his due process rights. Because we conclude that Dr. Okorie lacks standing to object to the creditors' claims in the bankruptcy action, we need not reach these issues.

We AFFIRM the district court's dismissal of Dr. Okorie's appeal.