# United States Court of Appeals for the Fifth Circuit

————————

No. 25-60490

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2026

Lyle W. Cayce
Clerk

In the Matter of Ikechukwu H. Okorie,

*Debtor*,

Ikechukwu H. Okorie,

*Appellant*,

*versus*

Wells Fargo Bank, N.A.; Harris County; Alief Independent School District; West Keegans Bayou Improvement District,

*Appellees*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:25-CV-5

————————————————————————

Before Elrod, *Chief Judge*, and Ho and Ramirez, *Circuit Judges*.

Per Curiam:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60490

Ikechukwu Okorie appeals the district court's judgment affirming the bankruptcy court's denial of his motions to void the sales of his real property. We AFFIRM.

I

In February 2019, Okorie filed an individual petition for relief under Chapter 11 of the Bankruptcy Code. Two years later, his case was voluntarily converted to a Chapter 7 proceeding, and a trustee was appointed.

The trustee began gathering and liquidating assets of the estate, including Okorie's real property in Mississippi ("Mississippi Property"), a condominium in Florida ("Florida Condo"), a house in Texas ("Texas House"), and a house in New Jersey ("New Jersey House"). Between April and August 2021, the trustee filed motions to sell the Mississippi Property, the Florida Condo, and the Texas House free and clear of liens under 11 U.S.C. § 363(f). No one objected to the motions, and the bankruptcy court entered orders authorizing the sales in April, July, and September 2021. Okorie did not appeal any of the sale orders.[1]

Okorie received his discharge on October 5, 2021, and his counsel was permitted to withdraw from the representation on February 4, 2022. On April 28, 2022, the trustee filed a motion to sell the New Jersey House. Okorie objected to the sale of the New Jersey House, arguing that the property belonged to his company and that his wife had not waived her "marital interest" in the company's properties. After a hearing, the bankruptcy court overruled his objections and entered an order approving the sale on June 17, 2022. Okorie did not appeal the sale order.

---

[1] Wells Fargo received the proceeds from the sales of the Mississippi Property and Florida Condo in satisfaction of its liens on both properties.

No. 25-60490

Almost two years later, on March 25 and 26, 2024, Okorie filed motions under 11 U.S.C. § 363(n) and Federal Rule of Civil Procedure 60(b) to void the four sales, generally alleging undervaluation of the properties, due-process violations, and fraud and coercive conduct by the trustee. The bankruptcy court denied his motions, concluding that he was not a trustee with standing to pursue a claim under § 363(n) and that he was not entitled to relief under Rule 60(b) because his motions were without factual or legal basis, time-barred, and barred by res judicata. The district court affirmed the bankruptcy court's decision, and Okorie timely appealed.

II

When we review a district court's affirmance of a bankruptcy court decision, we apply the same standard of review as the district court, reviewing the bankruptcy court's factual findings for clear error and its legal conclusions and mixed questions of fact and law de novo. *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 843–44 (5th Cir. 2021) (citing *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 600–01 (5th Cir. 2011)). We review the threshold question of standing de novo. *Furlough v. Cage (In re Technicool Sys., Inc.)*, 896 F.3d 382, 385 (5th Cir. 2018). "Bankruptcy standing is a prudential standing requirement." *In re Dean*, 18 F.4th at 844 (citing *Gibbs & Bruns LLP v. Coho Energy Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004)).[2] "As such, we may address the issue even when it was not raised below." *Id.* (citing *Nat'l Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt. Auth.*, 389 F.3d 491, 498–99 (5th Cir.

---

[2] Some courts have questioned whether prudential standing doctrines, like bankruptcy standing, are incompatible with the Supreme Court's decision in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). *See Schmidt v. Rechnitz (In re Black Elk Energy Offshore Operations, LLC)*, 114 F.4th 343, 351 n.4 (5th Cir. 2024) (citing cases). The parties do not raise the issue in their briefs.

No. 25-60490

2004)).[3] "[T]he putative appellant shoulders the burden of alleging facts sufficient to demonstrate that it is a proper party to appeal." *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015) (alteration in original) (quoting *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.,* 32 F.3d 205, 208 (5th Cir. 1994)).

### III

"[S]tanding to appeal a bankruptcy court order is, of necessity, quite limited." *In re Technicool Sys., Inc.*, 896 F.3d at 385. We use the "person aggrieved" test to determine whether a party has standing to appeal a bankruptcy court order. *See Fortune Nat. Res. Corp.*, 806 F.3d at 366. "Under the 'person aggrieved' test, only persons 'directly, adversely, and financially impacted by a bankruptcy order may appeal it,' and their standing 'must be connected to the *exact order* being appealed.'" *In re Black Elk Energy Offshore Operations, LLC*, 114 F.4th at 351 (emphasis in original) (first quoting *In re Technicool Sys., Inc.*, 896 F.3d at 384, then quoting *In re Dean*, 18 F.4th at 844). This test "is an even more exacting standard than traditional constitutional standing," as it "demands a higher causal nexus between act and injury." *Fortune Nat. Res. Corp.*, 806 F.3d at 366 (quoting *In re Coho Energy Inc.*, 395 F.3d at 202–03). "Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets." *In re Dean*, 18 F.4th at 844.

"Chapter 7 debtors typically do not have standing to appeal bankruptcy court orders[;] they lack 'pecuniary interest in the administration

---

[3] Although the bankruptcy court determined that Okorie lacked standing for relief under § 363(n), it did not address the issue of bankruptcy standing. "Nonetheless, we may consider prudential standing issues *sua sponte*." *Highland Cap. Mgmt. Fund Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 57 F.4th 494, 501 (5th Cir. 2023) (citing *Bd. of Miss. Levee Comm'rs v. U.S. EPA*, 674 F.3d 409, 417–18 (5th Cir. 2012)).

4

of the estate' because the estate is insolvent." *Foster v. Holder (In re Foster)*, 644 F. App'x 328, 330 (5th Cir. 2016) (quoting *Solomon v. Milbank (In re Solomon)*, Nos. 96-11201, 96-11528, 96-11529, 1997 WL 680934, at *6 n.10 (5th Cir. Sept. 25, 1997)); *see Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.)*, 151 F.3d 605, 607 (7th Cir. 1998) ("Debtors, particularly Chapter 7 debtors, rarely have [] a pecuniary interest [in a bankruptcy order] because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." (citing *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 692 (7th Cir. 1992))). Our court has generally recognized two exceptions under which a Chapter 7 debtor may have bankruptcy standing: (1) if the debtor can "show[] that a successful appeal will make the estate solvent, creating a surplus for the debtor under 11 U.S.C. § 726(a)(6)," *In re Foster*, 644 F. App'x at 330; or (2) if the debtor can show that the challenged order affects the terms of the debtor's bankruptcy discharge, *In re Dean*, 18 F.4th at 844.

Okorie fails to show he has standing to appeal the bankruptcy court's order denying his motions to void the property sales because he has not demonstrated that he was "directly, adversely, and financially impacted" by them. *See In re Black Elk Energy Offshore Operations, LLC*, 114 F.4th at 351 (quoting *In re Technicool Sys., Inc.*, 896 F.3d at 384). He does not allege that a successful challenge to the bankruptcy court's order will result in a surplus to the estate or that the order adversely affects his discharge. Although he contends that the property sales "yielded proceeds 38 to 61 percent below independent valuations," his contention is conclusory and unsupported by specific facts. He also contends that the "undervalued sales" "shortchang[ed] creditors and the estate," but it is a well-established prudential requirement that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Superior MRI Servs., Inc. v. All. Healthcare Servs.,*

*Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *United States v. Johnson*, 632 F.3d 912, 919–20 (5th Cir. 2011)).

Okorie argues that he has standing under § 363(n) because the statute empowers "parties in interest to avoid collusive sales." Section 363(n)'s plain text makes clear that "[t]he *trustee* may avoid a sale under this section," not the debtor. 11 U.S.C. § 363(n) (emphasis added); *see In re Butan Valley, N.V.*, No. ADV 09-3291, 2009 WL 5205343, at *2 (S.D. Tex. Dec. 23, 2009) (holding that owner of Chapter 7 debtor lacked standing to set aside a sale because § 363(n) confers standing on the trustee only). Okorie contends that courts in this circuit grant debtors "derivative standing" to avoid a collusive sale under § 363(n) "when trustees fail their duties," but the cases he cites do not support this proposition.[4]

Because Okorie fails to meet his burden to demonstrate standing to appeal the bankruptcy court's order, we do not address the other issues raised in his appeal.

*    *    *

AFFIRMED.

---

[4] Okorie cites *In re Bigler, LP*, 443 B.R. 101, 112 (Bankr. S.D. Tex. 2010), but that case concerns a bidder's rejected motion to reopen a bankruptcy auction and does not mention standing. He also cites "*In re Reed*, 405 B.R. 729 (Bankr. S.D. Tex. 2009)," but the case does not exist.